# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MELINDA BRANDT,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | **CIVIL ACTION NO.:** |
| v. ] | **4:09-CV-2249-VEH** |
| ] | |
| **CROTHALL SERVICES** ] | |
| **GROUP, INC.,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

**I.   Introduction**

This case is before the court on the Motion to Dismiss Plaintiff's Complaint for Her Failure to Prosecute and Comply with the Court's Orders (the "Motion") (Doc. 20) filed by Defendant on August 11, 2010.  Pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, Defendant seeks a dismissal of this action, with prejudice.  Defendant also attached a memorandum in support of its Motion.  (Doc. 20-1).

Since her former attorney withdrew on July 13, 2010, Plaintiff Melinda Brandt ("Ms. Brandt") has been proceeding *pro se* (*i.e.*, without any legal counsel) in this litigation.  After careful consideration, the court finds that the Motion is due to be granted, and the case dismissed with prejudice.

## II. Procedural History

Defendant served interrogatories and requests for production on Ms. Brandt "through her attorney" on February 22, 2010. (Doc. 20-1 at 1). Subsequent to the withdrawal of Ms. Brandt's legal counsel, Defendant "attempted to reach Plaintiff via the home telephone number and the cell phone number provided to them by Mr. Porter to discuss the outstanding discovery issues" "[o]n July 15, 19, and 21, 2010," to no avail. (Doc. 20-1 at 2). Defendant has also documented its written efforts to reach Ms. Brandt about her overdue discovery and the need to schedule her deposition. (Doc. 20-1 at Exs. A, B; *see also* Doc. 20-1 at 2). Defendant's written communication sent overnight delivery on July 21, 2010, to the last known address provided by Ms. Brandt had not yet yielded a response from her by the time the Motion was filed on August 11, 2010. (Doc. 20-1 at Ex. A; Doc. 20-1 at 2).

On August 16, 2010, the court entered a show cause order on Defendant's Motion. (Doc. 22). The show cause order gave Ms. Brandt until September 13, 2010, to explain why the Motion should not be granted. (*Id.* at 1-2). The order also expressly advised Ms. Brandt about the serious ramifications for her if she neglected to respond to the order:

> **Therefore, the court expressly warns Ms. Brandt that her failure to adequately and timely respond to this order relating to her apparent refusal to participate in the discovery process and to**

**cooperate with Defendant in the filing of the court's required joint status report as ordered on August 3, 2010, may result in a dismissal of her action against Defendant <u>with prejudice</u>.**

(*Id.* at 4).[1]

On August 19, 2010, the clerk filed in a certified mail receipt substantiating delivery of a copy of the show cause order to Ms. Brandt's address on August 17, 2010. (Doc. 23). The show cause deadline of September 13, 2010, has run without Ms. Brandt's filing a substantive response to the order or, alternatively, seeking an extension of time in which to respond.

### III. Analysis

#### A. Dismissal of Ms. Brandt's Complaint for Failure to Prosecute

The Federal Rules of Civil Procedure authorize this court to dismiss an action currently pending in light of a plaintiff's discovery abuses. More specifically, when a party "fails to obey an order to provide or permit discovery," Rule 37(b)(2) authorizes the court to enter such orders as are just, including an order "dismissing the action." Fed. R. Civ. P. Rule 37(b)(2)(C). Likewise, pursuant to Rule 41(b), a defendant may move for the dismissal of an action for the failure of the plaintiff to prosecute or to comply with the Federal Rules of Civil Procedure or with any order

---

[1] On August 16, 2010, after conferring over the telephone, the parties did file a joint status report regarding the possibility of settlement. (Doc. 21).

of the court.[2]  Fed. R. Civ. P. 41(b).

Similarly, case law reinforces that, as a result of Ms. Brandt's failure to comply with the show cause order, this court possesses inherent power to dismiss this case. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding that judicial power to dismiss arises from court's inherent authority to enforce its orders); *see also Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."). That power includes the authority to impose sanctions, including dismissal, on uncooperative litigants who commit discovery abuses. *See Goforth*, 766 F.2d at 1535 ("A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule.") (citation omitted); *see also, e.g., Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault.").

---

[2]Pursuant to Rule 41(b), this dismissal constitutes an adjudication upon the merits.  *See* Fed. R. Civ. P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.").

4

The United States Supreme Court has confirmed that an involuntary dismissal is an appropriate sanction for a plaintiff's flagrant failure to comply with discovery deadlines. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) ("[W]e hold that the District Judge did not abuse his discretion in finding bad faith on the part of these respondents, and concluding that the extreme sanction of dismissal was appropriate in this case by reason of respondents' 'flagrant bad faith' and their counsel's 'callous disregard' of their responsibilities.").

Moreover, even a *pro se* party's apparent refusal to respond to written discovery requests from the other side, sit for a deposition, and obey orders of the court can result in the imposition of sanctions, including a dismissal of the action for failure to prosecute so long as a record of wilful misconduct is established and sufficient notice of the potential sanction is provided to the offending party. *See, e.g., Phipps*, at 790-91 ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that [s]he will not comply in the future, <u>a district judge has the authority to deny that plaintiff further access to the court to pursue the case</u>.") (emphasis added); *see also Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1543 (11th Cir. 1993) ("Having determined that the defendants willfully violated clear discovery orders, we now turn to the question of whether the sanction imposed for this willful violation was 'just.'");

*Malautea*, 987 F.2d at 1543 ("The defendants received ample notice of the possibility of a default judgment sanction and liberal opportunity to show why the sanction was not deserved.").

Defendant's Motion is based on Ms. Brandt's overall pattern of noncompliance with the discovery rules and the court's related show cause order. In sum, Ms. Brandt has failed to respond to Defendant's discovery requests, has completely ignored the court's show cause order, has delayed any substantive progress with the litigation for close to seven months (as measured by Defendant's service of paper discovery on February 22, 2010), and, as a result, has foregone her opportunity to further pursue her case in this forum. *See Phipps*, 8 F.3d at 790-91 ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, <u>a district judge has the authority to deny that plaintiff further access to the court to pursue the case</u>.") (emphasis added). Moreover, Ms. Brandt's flagrant omissions in responding to Defendant's discovery and complying with this court's show cause order make it extremely doubtful that she would respond in any meaningful way to some lesser sanction. Accordingly, this case is due to be dismissed with prejudice based upon Ms. Brandt's failure to participate in discovery, to comply with court orders, and to otherwise properly prosecute her case.

## IV.    Conclusion

For all the reasons explained above, Defendant's Motion is due to be granted, and Ms. Brandt's lawsuit is due to be dismissed with prejudice.  The court will enter a final order of dismissal consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 16th day of September, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge